I am of opinion that two errors were committed on the trial of this cause. First. The farm which the defendant held under a lease from the plaintiff contained about two hundred and thirty or two hundred and forty acres, seventy or eighty acres of which remained in forest and the remainder was cleared. The defendant was proved to have cut down about an acre of the timbered land; and *Page 119 
he sold a part of the wood in market. He was permitted to prove, against an objection by the plaintiff, that he applied to the plaintiff for two or three acres of wood, saying that he had more hay to winter cattle than he had pasture to pasture them, and that he would seed down the land that he cleared; that the plaintiff said that the defendant was welcome to the wood if he would clear up and seed down the land on which it stood; and the jury were charged that if this was an agreement for the mutual benefit of the parties, and the wood was cut in pursuance of it, it was a defence to the action. The action was for waste, and the following statutory provision applies to the case: "If * * * any tenant * * * for term of life or years, * * * shall commit waste * * * of the houses, * * * lands or woods, * * * without a special and lawful license in writing so to do, they shall respectively be subject to an action of waste." (2 R.S., 334, § 1.) The object of the qualification respecting the evidence of a license is the same with those provisions of the statute of frauds requiring certain transactions to be put in writing, namely, to prevent agreements from being set up by false or mistaken oral testimony. I do not think the annexing a condition to the license (for this is what the evidence at most amounted to) renders the parol proof of it any more competent than it would otherwise have been. Nothing like an agreement was shown. The defendant did not agree to clear or seed down any of the wood land, but only that he would seed down what he should clear. It was a clear case of a license proved by parol against the express provision of the statute.
Again, a witness was permitted to swear that he considered the cutting of the timber a benefit to the inheritance. This was in violation of the rule so often laid down within the last few years, excluding opinions except from professional and scientific witnesses, and upon questions of skill and science. Many of these cases are referred to in Dewitt v. Barley, decided at the last term. (See 5 Seld., 371.) *Page 120 
The judgment of the court below should be reversed and a new trial granted.
All the judges concurred.
Ordered accordingly.